IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GEORGE EDWARD TURNER,  ) | |
| Plaintiff,  ) | |
| vs.  ) | No. 3:04-CV-2165-H (BH) |
| ) | ECF |
| DALLAS COUNTY JAIL, et al.,  ) | Referred to U.S. Magistrate Judge |
| Defendants.  ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and by Order of Reference dated June 20, 2005, subject cause has been referred to the United States Magistrate Judge.[1] The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

In October 2004, while housed in the Dallas County Jail awaiting trial, (*see* Answer to Question 10 of MJQ), plaintiff filed this civil action against Officer Evans, the Dallas County Jail, and the Dallas County Sheriff. (*See* Compl.[2] at 7, Answers to Questions 1 and 2 of MJQ[3].) Plaintiff claims that, in violation of his civil rights, Officer Evans "made a great dust storm" while cleaning his housing "tank". (Compl. at 7; Answers to Questions 1, 2, and 3 of MJQ.) He claims that,

---

[1] In an effort to flesh out plaintiff's complaint, the Court sent him a Magistrate Judge's Questionnaire (MJQ). When the MJQ was returned to the Court as undeliverable, the undersigned recommended that this action be dismissed without prejudice for plaintiff's failure to prosecute. On June 20, 2005, the District Court re-referred the matter for hearing, if necessary, and recommendation. The Court hereby vacates the prior findings, conclusions, and recommendation entered in this action.

[2] Although plaintiff commenced this action using a standard form for petitions for writ of habeas corpus, he clearly indicates that he brings the action due to "a violation of civil rights." The Court has thus construed the action as a civil action brought pursuant to 42 U.S.C. § 1983.

[3] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

although Officer Evans wore a dust mask, he had to endure the dust without a mask, was denied a request to see a nurse, and was denied medical treatment "as simple as Tylenol." (Compl. at 7.)

Plaintiff alleges that because he suffers from a condition called toxoplasmosis, a forty-five minute exposure to the dust created by Officer Evans made him dizzy, caused his temperature to go "up very high", gave him shortness of breath and could have caused his death. (Answers to Questions 3 and 5 of MJQ.) He claims that he suffered an extreme headache, diarrhea, fever, and shortness of breath for "ten distressful day[s] without anything to help the pains" and that he was denied medical care. (Answer to Questions 3, 4 and 5 of MJQ.) Although he does not state the relief that he seeks in this action, (*see generally*, Compl.; Answers to Questions), the Court reasonably construes the action as seeking monetary damages and injunctive relief. No process has been issued in this case.

## II. PRELIMINARY SCREENING

When plaintiff filed the instant action he was a prisoner in the Dallas County Jail. As a prisoner seeking redress from a governmental entity and an officer or employee of such entity, plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *See id.* In addition, 42 U.S.C. § 1997e(c) provides for sua sponte dismissal of

2

any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Smith v. Winter*, 782 F.2d 508, 511-12 (5th Cir. 1986). The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under § 1915(e)(2)(B), § 1915A(b), or Fed. R. Civ. P. 12(b)(6) or (c). *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312-13 & n.8 (5th Cir. 2002) (noting that the standards under Rules 12(b)(6) and 12(c) are the same); *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (recognizing the standards are the same under 28 U.S.C. § 1915(e)(2)(B) and Rule 12(b)(6)); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards are the same under §§ 1915(e)(2)(B)(ii) and 1915A; Rule 12(b)(6); and 42 U.S.C. § 1997e(c)).

### III. SECTION 1983 RELIEF

Plaintiff seeks monetary and injunctive relief under 42 U.S.C. § 1983 against an officer of the Dallas County Jail, the Sheriff of Dallas County, and the Dallas County Jail itself for events that occurred in September and October 2004. Section 1983 provides a federal cause of action and

3

affords redress for the "deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999).

**A. Injunctive Relief**

Plaintiff appears to seek both monetary and injunctive relief. To the extent he seeks injunctive relief, it appears that he wants to correct the policies and practices of Dallas County Jail. Plaintiff, however, is no longer incarcerated in the Dallas County Jail. "Therefore, any claims for injunctive relief to correct procedures and practices at that facility are moot." *See Edwards v. Johnson*, 209 F.3d 772, 776 (5th Cir. 2000); *accord Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (finding that request for injunctive and declaratory relief becomes moot when inmate leaves the complained-of prison facility, and "[a]ny suggestion of relief based on the possibility of transfer back to the [facility] is too speculative to warrant relief). If his claims have merit, plaintiff may only pursue monetary relief.

**B. Jural Entity**

Plaintiff names the Dallas County Jail as a defendant in this action, (Compl. at 1), and insists on pursuing this action against such entity, (*see* Answer to Question 2 of MJQ). A plaintiff may not, however, bring a civil rights action against a servient political agency or department, unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*,

4

939 F.2d 311, 313-14 (5th Cir. 1991) (holding that a police department is not a jural entity). In *Darby*, the Fifth Circuit held that "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* at 313. The Dallas County Jail is not a jural entity that can be sued. *See Dale v. Officer Bridges*, No. 3:96-CV-3088-AH, 1997 WL 810033, at *1 n.1 (N.D. Tex. Dec. 22, 1997) (holding that Dallas County Jail is not a legal entity that can be sued), *aff'd*, 154 F.3d 416 (5th Cir. 1998). Plaintiff thus seeks relief from an entity that is not subject to suit under § 1983.[4] Accordingly, his claims against the Dallas County Jail are frivolous and subject to dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## C. Substantive Claims

Plaintiff claims that defendants failed to provide medical treatment and failed to protect him from dust caused by Officer Evans. As a pretrial detainee at the time of the incident, plaintiff's constitutional rights related to conditions of confinement "flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment" rather than from the prohibition against cruel and unusual punishment contained within the Eighth Amendment. *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc) (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)). Furthermore, "both medical care and failure-to-protect cases [are] treated the same for purposes of measuring constitutional liability." *Id.* at 643.

---

[4] Because *pro se* plaintiffs who name a non-jural entity as a defendant should be alerted and given an opportunity to amend before dismissal of the action, *see Parker v. Fort Worth Police Dep't*, 980 F.2d 1023, 1026 (5th Cir. 1993), the Court informed plaintiff that the Dallas County Jail appeared to be a non-jural entity that is not subject to suit and gave him the opportunity to identify a different defendant, (*see* Question 2 of MJQ). In response, plaintiff indicated that he wanted to pursue this action against the Dallas County Jail and named the Dallas County Sheriff as another defendant. Plaintiff has thus been accorded an opportunity to amend consistent with *Parker*.

5

When, as here, the "pretrial detainee's claim is based on a jail official's episodic acts or omissions . . . the proper inquiry is whether the official had a culpable state of mind in acting or failing to act." *Id.* Because there is "no constitutionally significant distinction between the rights of pretrial detainees and convicted inmates to basic human needs . . . a state jail official's constitutional liability to pretrial detainees for episodic acts or omissions [is] measured by a standard of subjective deliberate indifference as enunciated by the Supreme Court in *Farmer* [*v. Brennan*, 511 U.S. 825 (1994)]." *Id.* In *Farmer*, the Supreme Court held

> that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

511 U.S. at 837.

*Farmer* also set out a two-part test for determining whether a prison official has violated the Constitution. *Id.* at 834. "First, the deprivation alleged must be, objectively, 'sufficiently serious'; a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id.* (citations omitted). The second prong of the test "follows from the principle that 'only the unnecessary and wanton infliction of pain implicates'" implicates constitutional concerns. *Id.* (citation omitted). The "prison official must have a 'sufficiently culpable state of mind.'" *Id.* (citation omitted). To establish liability under this standard, a pretrial detainee must "show that a state official acted with deliberate indifference to a substantial risk of serious . . . harm and that injuries resulted." *Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir. 2000).

### 1. *Failure to Protect from Harm*

Plaintiff alleges that defendants failed to protect him from harm by exposing him to the "dust storm" created by Officer Evans. To succeed on such a claim, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. In this instance, however, plaintiff has not alleged facts that support a finding that the conditions posed a substantial risk of serious harm. He has presented no facts which objectively show a sufficiently serious deprivation of the minimal civilized measure of life's necessities. He complains about a forty-five minute exposure to dust while Officer Evans cleaned his holding tank and further complains that dust lingered in the air "some two days later as the dusting in other zones continued." (Answer to Question 3 of MJQ.) Such facts show no objectively serious deprivation. Even with plaintiff's individual condition (toxoplasmosis), plaintiff experienced only dizziness, an increased temperature, shortness of breath, headache, and diarrhea. Such relatively minor bodily responses further show that the exposure to dust created no sufficiently serious deprivation even when taking into account plaintiff's subjective condition. Plaintiff's failure-to-protect claim fails to state a claim upon which relief can be granted.

### 2. *Denial of Medical Care*

Plaintiff also alleges that he was denied medical care at the time of the dust exposure and for a period of ten days thereafter. To establish a constitutional violation for denial of medical care, the inmate must show deliberate indifference to "serious" medical needs, "[b]ecause society does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Plaintiff's allegations fail to show a serious medical need. He instead alleges relatively

7

minor bodily responses to the dust exposure. While such ailments certainly "caused him some distress and discomfort, they are not the sort of objectively serious injury or medical need that amounts to a denial of 'the minimal civilized measure of life's necessities,' necessary to state a violation of the Fourteenth Amendment." *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999) (quoting *Farmer*, 511 U.S. at 834, and holding that breathing problems, chest pains, dizziness, sinus problems, and headaches are "not sufficiently serious to be constitutionally actionable"). Because plaintiff's responses to the dust do not equate to a serious medical need, his denial-of-medical-care claim fails to state a claim upon which relief can be granted. *See id.*

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily **DISMISS** plaintiff's complaint with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Such dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[5]

**SIGNED this 29th day of April, 2006.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[5] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Although plaintiff is no longer a prisoner within the meaning of § 1915, he was a prisoner when he commenced this action.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE